IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GABRIELLE RUIJNE, Individually and as )
Independent Administrator of the Estate of )
AMELIA CLAIRE RUIJNE, deceased, )
and MARCELL RUIJNE, )
                                  )
     Plaintiffs, )
                                  )
vs. )   No. 3:16-cv-931
                                  )
UNITED STATES OF AMERICA, )
                                  )
     Defendant. )
                                  )
     SERVE: )
                                  )
     The United States District Attorney for )
     the Southern District of Illinois, )
     Nine Executive Drive )
     Fairview Heights, IL 62208 )
                                  )
     By Certified Mail: )
                                  )
     The Attorney General of the United States )
     of America, Department of Justice, )
     Room B-103950 Pennsylvania Ave NW )
     Washington, D.C. 25030-001 )
                                  )
     United States Department of )
     Health & Human Services )
     330 Independence Avenue, S.W. )
     Room 4760, Mailstop Capitol Place )
     Washington, D.C. 20201 )
                                  )
     United States Department of the Air Force )
     HQ AFLOA/JACC )
     1500 W. Perimeter Rd., Ste 1700 )
     Joint Base Andrews, MD 20762 )

## COMPLAINT

### COUNT I
### (Federal Tort Claims Act – Wrongful Death)

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the

Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her counsel, and for Count I of

her cause of action against the Defendant, UNITED STATES OF AMERICA, states to the Court as follows:

1.     This action is brought pursuant to 42 U.S.C. § 233, known as the Public Health Services Act and 28 U.S.C. § 1346(b), commonly known as the Federal Tort Claims Act, which confers original and exclusive jurisdiction in this Court of civil actions on claims against the United States for money damages, for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government acting in the scope of his office or employment where the United States, as in this case, under the allegations set forth herein below, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2.     Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the events giving rise to suit occurred in the Southern District of Illinois and because the care and treatment at issue was provided in the Southern District of Illinois.

3.     The plaintiff, Gabrielle Ruijne, is the mother of the decedent, Amelia Claire Ruijne, and is the court appointed Independent Administrator of the Estate of Amelia Claire Ruijne, deceased. A copy of the Letters of Office is attached hereto and made a part hereof and marked as "Exhibit A".

4.     At all relevant times herein, Southern Illinois Healthcare Foundation, Inc. is and was involved in a partnership with the United States Air Force, Saint Louis University and St. Elizabeth's Hospital, referred to as the Saint Louis University Family Medicine Residency Program.

5.     At all relevant times herein, Southern Illinois Healthcare Foundation, Inc., operated and/or managed a facility known as the Belleville Family Health Center and/or Belleville Family Medicine Clinic (hereinafter Belleville Family Medicine Clinic).

6. At all relevant times herein, Marjorie Guthrie, M.D., was a physician licensed to practice medicine in the State of Illinois and practicing in the field of family medicine.

7. At all relevant times herein, Marjorie Guthrie, M.D., was the Program Director of the Saint Louis University Family Medicine Residency Program.

8. At all relevant times herein, Marjorie Guthrie, M.D., was acting as an agent, employee or servant of Southern Illinois Healthcare Foundation, Inc.

9. At all relevant times herein, Southern Illinois Healthcare Foundation is and was a Health Center Program grantee under 42 U.S.C. §254b and a Federal Tort Claims Act-deemed Public Health Service employee.

10. At all relevant times herein, Marjorie Guthrie, M.D. was acting within the course and scope of her employment with Southern Illinois Healthcare Foundation, and is therefore deemed to be a federal employee pursuant to 42 U.S.C. §233(g).

11. At all relevant times herein, Captain Margaret Garner, D.O. (also referred to as Captain Margaret Garner-Thompson, D.O.), was a physician licensed to practice medicine in the State of Illinois and practicing in the field of family medicine.

12. At all relevant times herein, Captain Margaret Garner, D.O., was a member of the United States military, while a member of the Saint Louis University Family Medicine Residency Program.

13. At all relevant times herein, Captain Margaret Garner, D.O., was acting as an agent, employee or servant of the United States of America.

14. At all relevant times herein, Captain Josiah Moulton, D.O., was a physician licensed to practice medicine in the State of Illinois and practicing in the field of family medicine.

15. At all relevant times herein, Captain Josiah Moulton, D.O., was a member of the United States military, while a member of the Saint Louis University Family Medicine Residency Program.

16.     At all relevant times herein, Captain Josiah Moulton, D.O., was acting as an agent, employee or servant of the United States of America.

17.     Southern Illinois Healthcare Foundation, Inc., Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, are deemed employees of the Public Health Service for the purpose of this action and were, at all relevant times, acting within the scope of that employment and their deemed employment for the United States of America.

18.     That at all relevant times to this cause of action, the Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, was a provider of medical care and treatment, including certain care and treatment rendered within St. Elizabeth's Hospital.

19.     On or about September 3, 2015, Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, submitted her administrative claim by presenting a Form 95 to the Department of Health and Human Services and said agency having failed to make a disposition of said claim within six months of said filing, Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit B". Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, brings this action within six months of said agency's failure to make a disposition of her claim.

20. On or about September 3, 2015, Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, submitted her administrative claim by presenting a Form 95 to the Department of the United States Air Force and said agency having failed to make a disposition of said claim within six months of said filing, Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit C". Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, brings this action within six months of said agency's failure to make a disposition of her claim.

21. At all times mentioned herein, the agents, servants and/or employees of the United States of America, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, were at all times acting as the agents, servants, and/or employees of the United States of America and were at all times acting within the scope and course of their employment and/or agency.

22. At all times mentioned herein, it was the duty of the Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, to use the same degree of knowledge, skill and ability as an ordinary careful physician and/or health facility would exercise under similar circumstances and exercise reasonable care in the examination, diagnosis, delivery, resuscitation,

care, and treatment of Plaintiff, GABRIELLE RUIJNE and Amelia Claire Ruijne, so as not to injure or harm Gabrielle Ruijne and/or her child, Amelia Claire Ruijne.

23. That Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

24. At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, United States of America, to provide appropriate services through its healthcare providers, including but not limited to including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers.

25. On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Medicine Clinic where she was informed of her positive pregnancy test.

26. On November 12, 2013, the Plaintiff, underwent an obstetric sonogram which provided an estimated delivery date by ultrasound of March 10, 2014 and an estimated delivery date by last menstrual period of March 14, 2014.

27. The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Medicine Clinic for prenatal check-ups.

28. On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should. She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

29. On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam. She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

30. On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

31. On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

32. On or about March 20, 2014, at 16:57:00, a cesarean section was called by Marjorie Guthrie, M.D. and Gabrielle Ruijne was readied for a cesarean section.

33. On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

34. On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

35. The Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, breached the aforementioned duty and/or duties during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

> a. Negligently and carelessly failed to provide properly trained physicians, faculty, and residents to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

b.   Negligently and carelessly failed to train the physicians in the Saint Louis University Family Medicine Residency Program;

c.   Negligently and carelessly failed to properly monitor the care given by the physicians in the Saint Louis University Family Medicine Residency Program;

d.   Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in the Saint Louis University Family Medicine Residency Program;

e.   Negligently and carelessly failed to have and/or enforce protocol for its residents to seek assistance through the chain of command;

f.   Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

g.   Negligently and carelessly failed to delivery Amelia Claire Ruijne in a timely manner;

h.   Negligently and carelessly failed to properly administer Pitocin;

i.   Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

j.   Negligently and carelessly failed to properly respond to increased uterine resting pressures;

k.   Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

l.   Negligently and carelessly failed to monitor and evaluate and treat Gabrielle Ruijne's contractions;

m.   Negligently and carelessly failed to recognize that Gabrielle Ruijne's contractions were abnormal;

n.     Negligently and carelessly failed to recognize that the fetus had abnormal tracing;

o.     Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

p.     Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

q.     Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

r.     Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

s.     Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

t.     Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

u.     Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

v.     Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

w.     Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

x.     Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

y.   Negligently and carelessly failed to adequately perform CPR in a timely fashion;

z.   Negligently and carelessly failed to administer epinephrine in a timely fashion;

aa.  Negligently and carelessly failed to administer epinephrine in a proper fashion;

bb.  Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

cc.  Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

dd.  Negligently and carelessly failed to discover and/or recognize meconium stained fluid on Amelia Claire Ruijne;

ee.  Negligently and carelessly failed to inform other treating personnel of the meconium stained fluid on Amelia Claire Ruijne;

ff.  Negligently and carelessly failed to have at least one individual who is capable of initiating neonatal resuscitation present at the delivery of the baby;

gg.  Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

hh.  Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

ii.  Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

jj.  Negligently and carelessly failed to follow resuscitation protocol;

kk. Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne and Amelia Claire Ruijne;

ll. Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

36. That the United States of America, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, deviated from the acceptable standard of medical care.

37. As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, was pronounced dead on March 20, 2014 at St. Elizabeth's Hospital in Belleville, Illinois.

38. That the aforesaid negligent acts or omissions of Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's death.

39. Based on the foregoing, the Defendant, UNITED STATES OF AMERICA, is vicariously liable to the Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie

Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers.

40. The Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

41. That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit D") and a Report from a Health Care Professional ("See Exhibit E").

42. As a direct and proximate cause of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, Amelia Claire Ruijne was pronounced dead and the heirs of Amelia Claire Ruijne, deceased, have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her benefits, services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the United States of America, in the sum of Forty Million Dollars ($40,000,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299

300 South Charles Street

Belleville, IL 62220

(618) 235-2110 (Phone)

(618) 235-2117 (Fax)

steve@katzmanlaw.net

dkatzman@katzmanlaw.net

ATTORNEYS FOR PLAINTIFFS

## COUNT II
### (Federal Tort Claims Act – Survival)

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her counsel and for Count II of her cause of action against the Defendant, UNITED STATES OF AMERICA, states to the Court as follows:

1-39. Plaintiff adopts and incorporates each and every allegation contained in paragraphs 1-39 of Court I of this Complaint, including all subparagraphs, as in for paragraphs 1-39 of Count II of this Complaint.

40. That suit is being filed pursuant to 755 ILCS 5/27-6 for AMELIA CLAIRE RUIJNE's personal injuries sustained before her death as a result of the negligence of Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., as well as other physicians, residents, and healthcare providers.

41. That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit D") and a Report from a Health Care Professional ("See Exhibit E").

42.    As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE experienced severe conscious pain and suffering.

43.    As a direct and proximate cause of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE's next of kin have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and moreover, they are entitled to recover damages for AMELIA CLAIRE RUIJNE's pain and suffering incurred before her death and for which she would have been entitled to recover had she survived. Further, Amelia Claire Ruijne's estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, UNITED STATES OF AMERICA, in a sum of Forty Million Dollars ($40,000,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

## COUNT III
**(Federal Tort Claims Act – Negligence)**

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her counsel, and for Count III of her cause of action against the Defendant, UNITED STATES OF AMERICA, states to the Court as follows:

1.     This action is brought pursuant to 42 U.S.C. § 233, known as the Public Health Services Act and 28 U.S.C. § 1346(b), commonly known as the Federal Tort Claims Act, which confers original and exclusive jurisdiction in this Court of civil actions on claims against the United States for money damages, for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government acting in the scope of his office or employment where the United States, as in this case, under the allegations set forth herein below, if a private personal, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2.     Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the events giving rise to suit occurred in the Southern District of Illinois and because the care and treatment at issue was provided in the Southern District of Illinois.

3.　　At all relevant times herein, Southern Illinois Healthcare Foundation, Inc. was involved in a partnership with the United States Air Force, Saint Louis University and St. Elizabeth's Hospital, referred to as the Saint Louis University Family Medicine Residency Program.

4.　　At all relevant times herein, Southern Illinois Healthcare Foundation, Inc., operated and/or managed a facility known as the Belleville Family Health Center and/or Belleville Family Medicine Clinic (hereinafter Belleville Family Medicine Clinic).

5.　　At all relevant times herein, Marjorie Guthrie, M.D., was a physician licensed to practice medicine in the State of Illinois and practicing in the field of family medicine.

6.　　At all relevant times herein, Marjorie Guthrie, M.D., was the Program Director of the Saint Louis University Family Medicine Residency Program.

7.　　At all relevant times herein, Marjorie Guthrie, M.D., was acting as an agent, employee or servant of Southern Illinois Health Care Foundation, Inc.

8.　　At all relevant times herein, Southern Illinois Healthcare Foundation is and was a Health Center Program grantee under 42 U.S.C. §254b and a Federal Tort Claims Act-deemed Public Health Service employee.

9.　　At all relevant times herein, Marjorie Guthrie, M.D. was acting within the course and scope of her employment with Southern Illinois Healthcare Foundation, and is therefore deemed to be a federal employee pursuant to 42 U.S.C. §233(g).

10.　　At all relevant times herein, Captain Margaret Garner, D.O. (also referred to as Captain Margaret Garner-Thompson, D.O.), was a physician licensed to practice medicine in the State of Illinois and practicing in the field of family medicine.

11.　　At all relevant times herein, Captain Margaret Garner, D.O., was a member of the United States military, while a member of the Saint Louis University Family Medicine Residency Program.

12. At all relevant times herein, Captain Margaret Garner, D.O., was acting as an agent, employee or servant of the United States of America.

13. At all relevant times herein, Captain Josiah Moulton, D.O., was a physician licensed to practice medicine in the State of Illinois and practicing in the field of family medicine.

14. At all relevant times herein, Captain Josiah Moulton, D.O., was a member of the United States military, while a member of the Saint Louis University Family Medicine Residency Program.

15. At all relevant times herein, Captain Josiah Moulton, D.O., was acting as an agent, employee or servant of the United States of America.

16. Southern Illinois Healthcare Foundation, Inc., Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, are deemed employees of the Public Health Service for the purpose of this action and were, at all relevant times, acting within the scope of that employment and their deemed employment for the United States of America.

17. That at all relevant times to this cause of action, the Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, was a provider of medical care and treatment, including certain care and treatment rendered within St. Elizabeth's Hospital.

18. On or about September 3, 2015, Plaintiff, Gabrielle Ruijne, Individually, submitted her administrative claim by presenting a Form 95 to the Department of Health and Human Services and said agency having failed to make a disposition of said claim within six months of said filing,

Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit F". Plaintiff, Gabrielle Ruijne, Individually, brings this action within six months of said agency's failure to make a disposition of her claim.

19.     On or about September 3, 2015, Plaintiff, Gabrielle Ruijne, Individually, submitted her administrative claim by presenting a Form 95 to the Department of the United States Air Force and said agency having failed to make a disposition of said claim within six months of said filing, Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit G". Plaintiff, Gabrielle Ruijne, Individually, brings this action within six months of said agency's failure to make a disposition of her claim.

20.     At all times mentioned herein, the agents, servants and/or employees of the United States of America, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, were at all times acting as the agents, servants, and/or employees of the United States of America and were at all times acting within the scope and course of their employment and/or agency.

21.     At all times mentioned herein, it was the duty of the Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were

acting within the course and scope of their employment, to use the same degree of knowledge, skill and ability as an ordinary careful physician and/or health facility would exercise under similar circumstances and exercise reasonable care in the examination, diagnosis, care, and treatment of Plaintiff, GABRIELLE RUIJNE, as well as the delivery of Amelia Claire Ruijne so as not to injure or harm the Plaintiff, GABRIELLE RUIJNE.

22.     That Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

23.     At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, United States of America, to provide appropriate services through its healthcare providers, including but not limited to including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers.

24.     On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Medicine Clinic where she was informed of her positive pregnancy test.

25.     On November 12, 2013, the Plaintiff, underwent an obstetric sonogram which provided an estimated delivery date by ultrasound of March 10, 2014 and an estimated delivery date by last menstrual period of March 14, 2014.

26.     The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Medicine Clinic for prenatal check-ups.

27.     On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should. She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

28.     On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam. She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

29.     On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

30.     On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

31.     On or about March 20, 2014, at 16:57:00, a cesarean section was called by Marjorie Guthrie, M.D. and Gabrielle Ruijne was readied for a cesarean section.

32.     On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

33.     On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

34.     On or about March 20, 2014, Gabrielle Ruijne was diagnosed with postpartum hemorrhage and endometritis.

35.     On or about March 20, 2014, Gabrielle Ruijne was forced to undergo a blood transfusion due to her postpartum hemorrhage.

36.     On or about April 8, 2014, Gabrielle Ruijne was diagnosed with a postoperative wound infection with copious drainage.

37. On or about April 8, 2014, Gabrielle Ruijne underwent an incision and drainage of the abdominal wall wound infection, as well as an exploratory laparotomy and abdominal wound closure with drain placement due to the extensive wound infection.

38. Gabrielle Ruijne was required to undergo extensive and prolonged additional medical treatment as a result of the caesarean section.

39. The Defendant, United States of America, by and through its agents, servants and/or employees, including but not limited to, Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, breached the aforementioned duty and/or duties during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

      a. Negligently and carelessly failed to provide properly trained physicians, faculty, and residents to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

      b. Negligently and carelessly failed to train the physicians in the Saint Louis University Family Medicine Residency Program;

      c. Negligently and carelessly failed to properly monitor the care given by the physicians in the Saint Louis University Family Medicine Residency Program;

      d. Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in the Saint Louis University Family Medicine Residency Program;

e.    Negligently and carelessly failed to have and/or enforce protocol for its residents to seek assistance through the chain of command;

f.    Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

g.    Negligently and carelessly failed to delivery Amelia Claire Ruijne in a timely manner;

h.    Negligently and carelessly failed to properly administer Pitocin;

i.    Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

j.    Negligently and carelessly failed to properly respond to increased uterine resting pressures;

k.    Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

l.    Negligently and carelessly failed to monitor and evaluate and treat Gabrielle Ruijne's contractions;

m.    Negligently and carelessly failed to recognize that Gabrielle Ruijne's contractions were abnormal;

n.    Negligently and carelessly failed to recognize that the fetus had abnormal tracing;

o.    Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

p.    Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

q.  Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

r.  Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

s.  Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

t.  Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

u.  Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

v.  Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

w.  Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

x.  Negligently and carelessly failed to adequately and properly diagnose the condition of Gabrielle Ruijne and the baby;

y.  Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby closely;

z.  Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to prevent injury to Gabrielle Ruijne;

aa.  Negligently and carelessly incorrectly diagnosed and improperly treated and/or failed to properly treat the Plaintiff, Gabrielle Ruijne's, condition;

bb.  Negligently and carelessly failed to have medical personnel adequately trained in performing caesarian sections;

cc. Negligently and carelessly failed to have an OG-GYN perform the caesarean section when instead it was performed by a family practice physician;

dd. Negligently and carelessly failed to properly perform follow-up treatment of Gabrielle Ruijne;

ee. Negligently and carelessly failed to prevent a wound infection from developing;

ff. Negligently and carelessly failed to adequately treat her wound infection;

gg. Negligently and carelessly failed to appreciate that Gabrielle Ruijne's prolonged, inefficient labor was increasing her risk for a postpartum hemorrhage;

hh. Negligently and carelessly failed to adequately and properly address Gabrielle Ruijne's risks for postpartum hemorrhage;

ii. Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne;

jj. Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne.

40. Based on the foregoing, the Defendant, UNITED STATES OF AMERICA, is vicariously liable to the Plaintiff, Gabrielle Ruijne, an Individual, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers.

41.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit H") and a Report from a Health Care Professional ("See Exhibit I").

42.     As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, did hire the services of doctors to cure herself and treat herself; the Plaintiff, did incur substantial medical bills and will in the future incur medical bills for which she is liable; Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; the Plaintiff, GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited to postpartum hemorrhage, infections, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, UNITED STATES OF AMERICA, in the sum of excess of Thirty Million Dollars ($30,000,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

## COUNT IV
### (Federal Tort Claims Act – Loss of Consortium)

COMES NOW the Plaintiff, MARCELL RUIJNE, an Individual, by and through his counsel, and for Count IV of his cause of action against the Defendant, UNITED STATES OF AMERICA, states to the Court as follows:

1.  At all relevant times, MARCELL RUIJNE, an Individual, is and was the lawfully wedded husband of the Plaintiff, GABRIELLE RUIJNE.

2-41.  Plaintiff adopts and incorporates each and every allegation contained in paragraphs 1-40 of Court III of this Complaint, including all subparagraphs, as in for paragraphs 2-41 of Count IV of this Complaint.

42.  On or about September 3, 2015, Plaintiff, Marcell Ruijne, an Individual, submitted his administrative claim by presenting a Form 95 to the Department of Health and Human Services and said agency having failed to make a disposition of said claim within six months of said filing, Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit J". Plaintiff, Marcell Ruijne, an Individual, brings this action within six months of said agency's failure to make a disposition of her claim.

43. On or about September 3, 2015, Plaintiff, Marcell Ruijne, an Individual, submitted his administrative claim by presenting a Form 95 to the Department of the United States Air Force and said agency having failed to make a disposition of said claim within six months of said filing, Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit K". Plaintiff, Marcell Ruijne, an Individual, brings this action within six months of said agency's failure to make a disposition of her claim.

44. As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, did hire the services of doctors to cure herself and treat herself; Gabrielle Ruijne, did incur substantial medical bills and will in the future incur medical bills for which she is liable; GABRIELLE RUIJNE, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited to postpartum hemorrhage, infections, and was forced to undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

45. As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions, the Defendant, UNITES STATES OF AMERICA, and the injuries and

damage suffered by the Plaintiff, GABRIELLE RUIJNE, the Plaintiff, MARCELL RUIJNE, has suffered the loss of services of his wife, GABRIELLE RUIJNE, which prior to her injuries were of great value to him and he has been deprived of her affection, society, companionship, and consortium; the Plaintiff, MARCELL RUIJNE, has been and will continue to be hindered and prevented from transacting and attending to his usual business and affairs; that the Plaintiff, MARCELL RUIJNE, has been and will continue to be otherwise greatly injured and inconvenienced by the wrongful conduct of the Defendant, UNITED STATES OF AMERICA.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, MARCELL RUIJNE, Individually, prays for judgment against the Defendant, UNITED STATES OF AMERICA, in the sum of excess of Twenty Million Dollars ($20,000,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net
dkatzman@katzmanlaw.net
ATTORNEYS FOR PLAINTIFFS

## COUNT V
**(Federal Tort Claims Act – Negligent Infliction of Emotional Distress)**

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her counsel, and for Count V of her cause of action against the Defendant, UNITED STATES OF AMERICA, states to the Court as follows:

1-40.    Plaintiff adopts and incorporates each and every allegation contained in paragraphs 1-40 of Court III of this Complaint, including all subparagraphs, as in for paragraphs 1-40 of Count V of this Complaint.

41.    On or about September 3, 2015, Plaintiff, Gabrielle Ruijne, Individually, submitted her administrative claim by presenting a Form 95 to the Department of Health and Human Services and said agency having failed to make a disposition of said claim within six months of said filing, Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit L". Plaintiff, Gabrielle Ruijne, Individually, brings this action within six months of said agency's failure to make a disposition of her claim.

42.    On or about September 3, 2015, Plaintiff, Gabrielle Ruijne, Individually, submitted her administrative claim by presenting a Form 95 to the Department of the United States Air Force and said agency having failed to make a disposition of said claim within six months of said filing, Plaintiff has satisfied the administrative prerequisites to filing this action. A true and accurate copy of the Form 95, which in the interest of economy does not include multiple exhibits and attachments appended thereto, is attached hereto and marked as "Exhibit M". Plaintiff, Gabrielle Ruijne, Individually, brings this action within six months of said agency's failure to make a disposition of her claim.

43.    That all times mentioned herein, the Defendant, UNITED STATES OF AMERICA, owed a duty to the Plaintiff, GABRIELLE RUIJNE, to refrain from conduct it knew was extreme and outrageous, but for its indifference and recklessness, should have known would cause the Plaintiff, GABRIELLE RUIJNE, to suffer extreme emotional distress and fear for her own safety.

44. As a direct and proximate result of one, some or all of the aforementioned negligent acts and/or omissions by the Defendant, UNITED STATES OF AMERICA, by and through its agents, servants and/or employees, including but not limited to Southern Illinois Healthcare Foundation, Belleville Family Medicine Clinic, Saint Louis University Family Medicine Residency Program, Marjorie Guthrie, M.D., Margaret Garner, D.O., and Josiah Moulton, D.O., as well as other physicians, residents, and healthcare providers, all of whom were acting within the course and scope of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered fear for her own safety, contemporaneous and continuing injury, illness and emotional harm, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma; the Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish, and in the future will suffer great pain and mental anguish has incurred and could possibly need future medical treatment; the Plaintiff, GABRIELLE RUIJNE, sustained permanent injuries, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, UNITED STATES OF AMERICA, in a sum in excess of Ten Million Dollars ($10,000,000.00), plus costs of suit.

KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN, #01414321
DANIEL C. KATZMAN, #6306299
300 South Charles Street
Belleville, IL 62220
(618) 235-2110 (Phone)
(618) 235-2117 (Fax)
steve@katzmanlaw.net

dkatzman@katzmanlaw.net

ATTORNEYS FOR PLAINTIFFS